# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES PAUL ROBERTS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-271

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Paul Roberts, Jr., federal prisoner # 53081-280, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. The district court denied his IFP motion and certified that the appeal was not taken in good faith. By

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moving for IFP status, Roberts is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Roberts contends that the district court abused its discretion in denying his § 3582(c)(2) motion because the decision was based on the court's erroneous finding that his early release would pose a danger to society. He also contends that the district court abused its discretion by refusing to consider his post-sentencing conduct.

The district court correctly recognized that Roberts was eligible for a sentence reduction and that his original sentence was within his new guidelines range. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Although Roberts was eligible for a sentence reduction, the district court was under no obligation to grant him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Roberts's arguments in favor of a sentence reduction, including his post-sentencing conduct, were set forth in his § 3582(c)(2) motion. The district court considered Roberts's arguments but concluded, as matter of discretion, that a lower sentence was not warranted. In doing so, the district court explained that it had considered the 18 U.S.C. § 3553(a) factors including the seriousness of the offense and the danger Roberts posed to society if he were released earlier. Roberts has not shown that the district court based its decision on an error of law or on a clearly erroneous assessment of the evidence. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Further, his vague and conclusional allegations of judicial bias are insufficient to demonstrate that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because Roberts has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion, the instant appeal does not involve legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Roberts's IFP motion is DENIED, and

No. 15-50654

his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Roberts's motion for leave to file a supplemental appellate brief is GRANTED.